[This decision has been published in *Ohio Official Records* at 94 Ohio St.3d 137.]

MAHONING COUNTY BAR ASSOCIATION *v*. SHEFTEL.

[Cite as *Mahoning Cty. Bar Assn. v. Sheftel*, 2002-Ohio-326.]

*Attorneys at law—Misconduct—Public reprimand—Failing to cooperate in disciplinary investigation.*

(No. 01-1134—Submitted September 19, 2001—Decided January 16, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-43.

_____

*Per Curiam*.

{¶ 1} On August 9, 1999, relator, Mahoning County Bar Association, filed a complaint charging respondent, Lynn Sheftel of Youngstown, Ohio, Attorney Registration No. 0040040, with violating several Disciplinary Rules. Respondent initially failed to answer the complaint, despite his assertion to relator's counsel that a response would be forthcoming. On May 22, 2000, relator filed a motion for default. Three days later, respondent's counsel filed a motion for leave to answer complaint instanter, attributing respondent's failure to timely respond to unforeseen marital and familial circumstances. The motion for leave was granted, and an answer was filed.

{¶ 2} The matter was set for hearing before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"). However, the parties subsequently waived that hearing, agreeing to have the matter decided on stipulated facts to be submitted to the panel.

{¶ 3} On June 4, 2001, the following relevant facts were stipulated by the parties:

{¶ 4} In 1995, while respondent was employed by Hyatt Legal Services ("Hyatt"), he was assigned to incorporate a not-for-profit corporation called "KO

Drugs Boxing Academy" (the "Academy"). In February of the following year, the articles of incorporation were filed with the Ohio Secretary of State, and its corporate status was approved in May 1996.

{¶ 5} After the incorporation was approved by the state, the Internal Revenue Service ("IRS") required additional forms and financial information in order to secure the nonprofit status of the corporation for federal tax purposes. The IRS also required changes to the articles of incorporation that would necessitate refiling the articles with the Secretary of State.

{¶ 6} Respondent alleged that during his employment with Hyatt, there were communication difficulties with the Academy and that he was unable to get the requested financial information from his clients. Consequently, respondent filed nothing further.

{¶ 7} Respondent left the employment of Hyatt approximately one week after the most recent IRS correspondence. It was respondent's understanding at the time of his departure from Hyatt that the Academy file would be reassigned within the Hyatt office per previous practice. Respondent claims that when he left the Hyatt office, he left behind all Hyatt files, including the Academy file, and that he did not retain any documents regarding its incorporation or nonprofit status with the IRS. His clients, however, alleged that they were advised that respondent had retained the file.

{¶ 8} Respondent acknowledged that he received correspondence from relator's certified grievance committee regarding the Academy matter and that he did not provide any written response to the initial grievance. Respondent later received correspondence from an investigator for the committee and likewise failed to respond to those letters. Subsequently, respondent spoke with the investigator about the allegations against him and advised the investigator that he would respond, but again failed to do so.

2

**{¶ 9}** In mitigation, respondent asserted a series of unforeseen events occurring during the relevant period from 1995 through 2000. During that time, respondent was experiencing serious marital difficulties with concomitant financial strain. He was also immersed in the circumstances associated with the prolonged illness and eventual death of his elderly stepfather and the debilitating effects on respondent's mother physically, emotionally, and financially. Respondent attributed his failure to cooperate in the investigation to these events.

**{¶ 10}** The panel's findings of fact mirrored those stipulated by the parties. It concluded that there was insufficient evidence to support the claimed violations of DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 6-101(A)(3)[1] (a lawyer shall not neglect an entrusted legal matter), DR 7-101(A)(2) (a lawyer shall not fail to carry out a contract of employment), DR 9-102(B)(3) (a lawyer shall maintain complete records and render appropriate accounts to the client), and DR 9-102(B)(4) (a lawyer shall promptly deliver to the client items that the client is entitled to receive). Those claims were accordingly dismissed. The panel did find, however, that respondent failed to cooperate with the relator's investigation, in violation of Gov.Bar R. V(4)(G).

**{¶ 11}** The panel then took into account claimant's mitigating factors and recommended a sanction of public reprimand. It wrote:

"Taking all of the facts of this matter into consideration, as well as the mitigating factors, and in particular the fact that this is an isolated occurrence, which seems unlikely to be repeated, the Panel hereby recommends a sanction of public reprimand. In making this recommendation, the Panel notes that it is somewhat ironic that the conduct which originally gave rise to the grievance in question has not been found, ultimately, by either the Relator or this Panel, to

---

1. Erroneously recorded in the the panel's report as DR 6-101(A)(4).

constitute a violation of any disciplinary rules. The only actionable conduct which remains is the Respondent's failure to cooperate in the investigation by the Relator. The Panel clearly finds the actionable conduct to be substantially mitigated by the mitigating factors previously cited herein."

**{¶ 12}** The board adopted the findings, conclusions, and recommendation of the panel.

**{¶ 13}** We, in turn, adopt the findings, conclusions, and recommendation of the board. Respondent is hereby publicly reprimanded. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Wm. Scott Fowler* and *Richard T. Bush*, for relator.

*Lynn Sheftel*, *pro se*.

_____